UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELBA CABAN, | : | No. 3:09cv786 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JOHN DUPONT and | : | |
| TOWN OF EAST HARTFORD, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

The genesis of this action is the arrest of plaintiff Elba Caban by defendant Town of East Hartford Police Officer John Dupont. Plaintiff alleges that Officer Dupont and the Town of East Hartford (the "Town") are liable for violation of her constitutional rights pursuant to 42 U.S.C. § 1983 because she was arrested with excessive force. Plaintiff also asserts a state law claim of assault and battery against defendant Dupont. The Town has filed a motion for summary judgment as to its liability.[1]

**BACKGROUND**

The parties have submitted statements of undisputed facts, exhibits and supporting materials that reveal the following undisputed facts.

On November 29, 2007, at approximately 3:00 p.m., plaintiff had an argument with her brother, Alfredo Cortez, at a residence on Sisson Street, East Hartford. During the argument, plaintiff's other brother Hector tried to restrain plaintiff because he thought she was going to hit Alfredo. Plaintiff, who was angry and upset, left the house

---

[1] Defendant Dupont has not moved for summary judgment on the claim of excessive force.

1

to go to the gym.

Defendant Officer John Dupont reported to the residence on Sisson Street because the East Hartford police had been called. He was informed that plaintiff had been involved in a verbal confrontation that became physical.

Subsequently, Officer Christopher Vasseur stopped plaintiff's vehicle as she entered the I-84 West on-ramp. Later, Officers Darrell Drouin and Dupont arrived. Officer Dupont advised plaintiff that she was under arrest for disorderly conduct based on his investigation at the Sisson Street residence and asked for her license. He told her that he was going to give her a ticket.

During her interaction with Officer Dupont, plaintiff got out of her car and got on her knees. Officer Dupont told her to get off the street and that she was under arrest and going to jail. He grabbed plaintiff by her right arm and escorted her out of the roadway back to her car. Plaintiff's arm broke while Officer Dupont attempted to handcuff her.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l

Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for her. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

**Claim against the Town**

Plaintiff asserts that the East Hartford has developed and maintained a policy or custom of deliberate indifference to civilian complaints of excessive force by its police department and that such indifference has led to the violation of plaintiff's constitutional rights.

A municipality is liable for deprivation of a citizen's rights pursuant to 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts the injury. Monell v.

New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). A plaintiff may establish the custom or policy by showing that the municipality, alerted to the possibility of unconstitutional conduct such as excessive force, exhibited deliberate indifference. Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995). To sustain a Monell claim based on a failure to supervise or discipline, the plaintiff must demonstrate that the municipality was on notice of a potentially serious problem of unconstitutional conduct, that the need for corrective action was obvious, and that the municipality failed to investigate or take action in circumstances suggesting deliberate indifference to the rights of those being harmed. Amnesty America v. Town of West Hartford, 361 F.3d 113, 128 (2d Cir. 2004). Where a municipality's efforts to evaluate the claims of excessive force "are so superficial as to suggest that its official attitude was one of indifference to the truth of the claim, such an attitude would bespeak an indifference to the rights asserted in those claims." Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986). In Fiacco, the Chief of Police conducted the investigations into citizen complaints according to however much information he deemed necessary, which consisted generally of interviewing only the officers involved, with no formal statement being taken from the complainant, no file or written record being created, and no hearing held. Id. at 331. However, if the municipality has taken steps to address or investigate the violation, plaintiff must show that the response was so patently inadequate so as to amount to deliberate indifference. Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007).

 Here, plaintiff argues that the Town has not provided any undisputed facts relevant to the claim of municipal liability. Further, plaintiff proffers evidence that the

Town had received 28 civilian complaints of excessive force before plaintiff's arrest and five thereafter. Ten of these complaints of excessive force were against defendant Dupont. Plaintiff points out that the Town credited the police officers' versions of the complained of events and sustained none of the complaints. Plaintiff suggests that the investigations into the complaints appear to have been incomplete or biased.

The Court agrees that defendant has failed to support its motion for summary judgment with a Local Rule of Civil Procedure 56 statement of undisputed facts relevant to its municipal liability. Local Rule 56 requires the movant to provide "a concise statement of each material fact." In this instance, the material facts comprise those facts relevant to the pattern and practice of the Town in responding to excessive force complaints. Nevertheless, the Court will review the argument for summary judgment on its merits.

In its brief, defendant responds that its investigators interviewed relevant witnesses and credited the officers' versions of the facts when non-officer witnesses offered conflicting accounts or where certain complainants did not cooperate or return the investigators telephone calls. The evidence submitted with the brief indicates that investigations into the complaints occurred but that, upon the occurrence of conflicting accounts, the investigator concluded consistently that reasonable force had been applied. Defendant Town argues that plaintiff cannot raise a genuine issue of fact based on disagreement with the outcome of the investigation.

However, the record before the Court is lacking in information concerning the internal review process and the amount of discretion afforded the investigator. Accordingly, the Court cannot assess the investigations from the evidence adduced,

5

and genuine issues of fact do exist as to whether the Town has a pattern or practice of deliberate indifference to acts of excessive force by its officers. The Court will leave plaintiff to her proof.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. #46] is DENIED.

Dated this __6th__ day of May, 2011 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge